**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-01031-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Robert Wright, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Compel Disclosure, which asks the Court to order the Government to disclose the identity and location of "Source of Information #3" (the "SOI"), an individual on whom federal agents relied in conducting their investigation of Defendant. (Doc. 45.)[1] The Government filed a Response (Doc. 52), and Defendant filed a Reply (Doc. 55). For the following reasons, the Motion will be denied without prejudice and with leave to re-file.

**I.   Background**

Federal agents met with the SOI for the first time on April 6, 2021, at which time the SOI informed the agents that a person named Charles Wright was working for a cartel; that Wright had been given a recreational vehicle to be used for smuggling narcotics into the United States from Mexico and narcotics proceeds from the United States to Mexico; and that Wright would soon cross the recreational vehicle into the United States to pick up narcotics proceeds, driving the vehicle through the Lukeville

---

[1] Other pending motions will be resolved separately.

Port of Entry to a Quality Inn in Glendale, Arizona. (Doc. 52 at 1-2.)[2] On April 13, 2021, the SOI informed agents that Defendant would be crossing the vehicle through the Lukeville Port of Entry on April 14, 2021. (*Id.* at 2.)

Records checks showed that Defendant had recently titled a recreational vehicle into his name. (*Id.*) On April 14, 2021, agents conducted surveillance of the vehicle from the Lukeville Port of Entry to the Quality Inn in Glendale and observed Defendant—the driver and sole occupant of the vehicle—conducting "heat runs" to avoid law enforcement surveillance. (*Id.*)

Agents used this information to obtain a vehicle tracker warrant on April 15, 2021 and installed the vehicle tracker shortly thereafter. (*Id.*) On April 18, 2021, agents surveilled Defendant as he drove the recreational vehicle from the Phoenix area toward the Lukeville Port of Entry. (*Id.* at 3.) When Defendant attempted to exit the United States, agents inspected his vehicle and found $204,080.00 in United States currency concealed within the vehicle's ceiling. (*Id.*)

## II. Motion to Compel Disclosure

Defendant argues that failing to reveal the identity and location of the SOI would violate his Fifth Amendment due process rights because the Government relied heavily on information from the SOI to investigate and ultimately arrest Defendant. (Doc. 45 at 2-3, 6.) Defendant asserts that he requires the identity and location of the SOI in order to diligently investigate crucial facts in his case and prepare an adequate defense. (*Id.* at 2, 5-6.) He also asserts that the testimony of the SOI could "amplify or contradict testimony from government witnesses." (*Id.* at 5-6.)

The Government argues that courts require the disclosure of the identity of confidential informants only if the informant has had a direct connection to the crime charged as either a participant or an eyewitness, which is not the case here. (Doc. 52 at 5-7.) The Government characterizes the SOI's role as "limited to that of passing along

---

[2] Defendant agrees, in his Reply, with the Government's statement of facts concerning the SOI's role in this case. (Doc. 55 at 1.) Accordingly, the Court refers to the facts stated in the Government's Response. (Doc. 52.)

- 2 -

information which was relied upon for the issuance of" a vehicle tracker warrant. (*Id.* at 6-7.) The Government further argues that Defendant cites no authority to support his request for disclosure of the location of the SOI. (*Id.* at 7.)

In his Reply, Defendant argues that the SOI was "the primary, if not sole, source of information for federal agents in this case," and that the SOI's role "went far beyond just obtaining [a] warrant." (Doc. 55 at 2.) Defendant further argues that the Government has not argued or shown that it has a strong governmental interest in protecting the identity of the SOI. (*Id.* at 3.)

The "informer's privilege" allows the Government "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement," and the "scope of the privilege is limited" by that "underlying purpose." *Id.* at 59-60. "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59. However, "[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.

"The defendant bears the burden of demonstrating the need for disclosure, and a mere suspicion that the information will prove helpful will not suffice." *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990) (internal citation omitted). Whether disclosure is required depends upon a balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense," taking into consideration the particular circumstances of the case. *Roviaro*, 353 U.S. at 62. "In order to balance the interests of the individual and society," courts "examine three factors: (1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and

(3) the government's interest in nondisclosure." *United States v. Gonzalo Beltran*, 915 F.2d 487, 488-89 (9th Cir. 1990). The Ninth Circuit has affirmed the denial of motions to compel disclosure of the identity of confidential informants who were not involved in the transactions giving rise to the defendants' charges. *See, e.g.*, *United States v. Williams*, 898 F.2d 1400, 1401-02 (9th Cir. 1990) (defendant failed to demonstrate a need for informant's identity where defendant was not charged based on drug transaction with informant); *United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989) (same); *United States v. Valmer*, 245 F. App'x 720, 722-24 (9th Cir. 2007) (same).

Here, there is no information in the current record indicating the SOI was directly involved in or an eyewitness to Defendant's charged offenses. The SOI was not present when law enforcement agents discovered United States currency concealed in Defendant's recreational vehicle. The SOI's role appears to have been limited to providing law enforcement agents with information that led them to obtain a vehicle tracker warrant and to conduct surveillance of Defendant. Defendant has not explained how the SOI's likely testimony is relevant to any defense that may be asserted at trial. On the current record, Defendant has not met his burden to show the need for disclosure of the identity of the SOI. Furthermore, Defendant has not identified any legal authority that supports his request for disclosure of the location of the SOI.

Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that Defendant's Motion to Compel Disclosure (Doc. 45) is **denied without prejudice** and with leave to re-file a motion that contains additional information concerning why the identity of the SOI is relevant to any defense that Defendant may assert at trial.

Dated this 4th day of March, 2022.

*[signature]*
Honorable Rosemary Márquez
United States District Judge