**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-01031-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Robert Wright, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Preclude Other Acts Evidence. (Doc. 43.)[1] The Government filed a Response (Doc. 51), and Defendant filed a Reply (Doc. 56). For the following reasons, Defendant's Motion will be granted.

**I.   Background**

Defendant was arrested after law enforcement agents discovered, during an outbound inspection at the Lukeville Port of Entry on April 18, 2021, a sum of United States currency concealed in a recreational vehicle Defendant was driving. (Doc. 38 at 1-2.) The Indictment charges Defendant with bulk cash smuggling in violation of 31 U.S.C. § 5332(a)(1) and (b), and evading reporting requirements in violation of 31 U.S.C. § 5324(c)(1) and (d). (Doc. 10.)

Prior to the events giving rise to the charges in this case, on October 23, 2019, Border Patrol agents encountered Defendant on the Tohono O'odham Nation and observed him picking up three undocumented immigrants. (Doc. 38 at 2, 4.) After being

---

[1] Other pending motions will be resolved separately.

transported to the Ajo Border Patrol station, Defendant made post-*Miranda* statements to law enforcement agents and consented to a search of his cellular telephone. (*Id.*)

The Government has provided notice of its intent to introduce in this case evidence of the statements that Defendant made during the 2019 encounter, as well as evidence obtained from the search of Defendant's cellular telephone during that encounter. (*Id.* at 1-4.) The Government's Notice argues that the evidence is admissible under Federal Rule of Evidence 404(b) because it shows Defendant's intent, knowledge, and lack of mistake. (*Id.*)

## II. Motion to Preclude Other Acts Evidence

In his Motion to Preclude Other Acts Evidence, Defendant argues that the Government's Notice fails to describe the evidence at issue; does not specify why the evidence shows intent, knowledge, and lack of mistake, as opposed to propensity; and does not establish the evidence's relevance. (Doc. 43.) Defendant also argues that, even assuming the evidence is relevant, its probative value is substantially outweighed by a danger of unfair prejudice. (*Id.* at 7-8.)

In response, the Government indicates that the evidence it seeks to admit from Defendant's 2019 arrest includes conversations Defendant had using coded language commonly used by drug trafficking and money laundering organizations, as well as texts with a known target of an investigation about picking up $400,000 in United States currency. (Doc. 51 at 2.) The Government argues that this evidence shows that Defendant "was previously actively engaged in, or at least had knowledge about, transporting illegal aliens for profit and smuggling large amounts of United States currency," and that the evidence is admissible in the Government's case-in-chief under Federal Rule of Evidence 404(b) to show intent, knowledge, and lack of mistake. (*Id.* at 3-4.) Alternatively, the Government argues the evidence is admissible in rebuttal if Defendant presents a defense based on mistake, lack of knowledge, or lack of intent. (*Id.* at 4-5.) The Government argues that Federal Rule of Evidence 403 does not require exclusion of the evidence, and the Government reserves the right to use the evidence on

cross-examination to demonstrate Defendant's character for untruthfulness under Federal Rule of Evidence 608(b). (*Id.* at 5-6.)

In reply, Defendant argues that issues concerning admissibility of the evidence under Federal Rule of Evidence 608(b) will become ripe for the Court's consideration only if and when Defendant decides to testify. (Doc. 56 at 1-2.) Defendant also continues to argue that the Government impermissibly seeks to use the other-act evidence for propensity purposes. (*Id.* at 2-3.) Defendant concedes that the Ninth Circuit has held that evidence of a prior drug conviction can be used to infer knowledge in a later drug case. (*Id.* at 3 (citing *United States v. Martinez*, 182 F.3d 1107 (9th Cir. 1999)).) But Defendant argues that in the present case, there was no prior conviction for the alleged bad acts that the Government seeks to prove, and the text messages identified by the Government are too ambiguous to clearly show that Defendant previously engaged in the bulk exportation of cash. (*Id.* at 3-4.)

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Evidence of a prior act is admissible under Rule 404(b) if (1) it proves "a material element of the offense for which the defendant is now charged"; (2) the prior conduct is similar to the charged conduct;[2] (3) proof of the prior conduct is based on sufficient evidence; and (4) the prior conduct is not too remote in time. *United States v. Arambula-*

---

[2] A factual similarity is required only in certain cases. *Arambula-Ruiz*, 987 F.2d at 602. For example, a factual similarity is required to show intent, but evidence of a prior bad act is admissible to show knowledge even when similarity is lacking, so long as the prior-act evidence makes the existence of the defendant's "knowledge more probable than it would be without the evidence." *Id.* at 603 (internal quotation marks omitted); *see also United States v. Miller*, 874 F.2d 1255, 1269 (9th Cir. 1989) ("when prior crimes are used to establish . . . absence of mistake or accident, such evidence simply lacks probative value unless it is sufficiently similar to the subsequent offense") (internal quotation marks omitted)).

*Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); *see also United States v. Hadley*, 918 F.2d 848, 850-51 (9th Cir. 1990). "The government has the burden of proving that the evidence meets all of the above requirements." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (internal quotation marks omitted).

Evidence of the prior conduct must be sufficient to allow the jury to "reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). The Government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Id.* Furthermore, the Government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Arambula-Ruiz*, 987 F.2d at 603 (internal quotation marks omitted); *see also United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1014 (9th Cir. 1995) ("the government must prove a logical connection between the knowledge gained as a result of the commission of the other act and the knowledge at issue in the charged act") (internal quotation and alteration marks omitted)).

Even if other-act evidence is relevant and otherwise admissible, the Court may exclude it if its probative value is substantially outweighed by a danger of unfair prejudice. *See Arambula-Ruiz*, 987 F.2d at 602; *see also* Fed. R. Evid. 403 ("The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . .").

Here, the Government has not sufficiently described the evidence at issue much less met its burden of articulating precisely how that evidence shows knowledge, intent, or lack of mistake as opposed to propensity. To the extent the Government seeks to introduce evidence that Defendant previously engaged in the transportation of undocumented immigrants, evidence of that prior act is not sufficiently similar to the charges in this case to show intent or lack of mistake, nor has the Government articulated how such evidence would make more probable Defendant's knowledge of the United States currency concealed in his recreational vehicle.

To the extent the Government seeks to introduce evidence that Defendant previously engaged in bulk cash smuggling, that evidence carries a high danger of unfair prejudice, particularly considering the Government's failure to clearly articulate how the evidence shows knowledge, intent, or lack of mistake rather than propensity. Furthermore, the evidence is of limited probative value, as it appears to consist of ambiguous, coded text messages. The limited probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403. The Court finds that the other-act evidence at issue is inadmissible in the Government's case-in-chief.

Some portions of the other-act evidence may be admissible in rebuttal or for purposes of impeachment, but on the current record, the Court is unable to definitively determine the admissibility of the evidence for those purposes. The Court will not be able to rule on those issues until the Government submits for the Court's review, or at least describes in detail, the other-act evidence at issue. Furthermore, the admissibility of the evidence for purposes of impeachment or rebuttal will hinge on the testimony of trial witnesses and the defense(s) that Defendant asserts at trial.

**IT IS ORDERED** that Defendant's Motion to Preclude Other Acts Evidence (Doc. 43) is **granted**. The Rule 404(b) evidence at issue is inadmissible in the Government's case-in-chief.

Dated this 7th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge