**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CR-21-01031-001-TUC-RM (MSA) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles Robert Wright, | |
| Defendant. | |

In his Motion to Preclude Government's Expert Witness, Defendant asks the Court to preclude Homeland Security Investigations Special Agent ("SA") Bryn Elton from testifying as an expert witness regarding coded language used by drug trafficking and money laundering organizations. (Doc. 42.) On March 2, 2022, the Court took the Motion under advisement. (Doc. 62.) The Court recognized that, under Ninth Circuit precedent, "a qualified law enforcement agent may testify to the interpretation of commonly used drug jargon," but "even a qualified agent may not testify to the interpretation of words and phrases encountered for the first time in the case at hand unless the Government establishes the reliability of the method that the agent 'used to arrive at his interpretations of words he had never encountered before.'" (*Id.* at 3 (citing *United States v. Hermanek*, 289 F.3d 1076, 1094 (9th Cir. 2002)).) The Court found that the Government had not provided sufficient information regarding the methodology that SA Elton used to determine the meaning of the coded language at issue in this case and, accordingly, required the Government to submit an expert report or sworn declaration by

1    SA Elton containing further information.  (*Id.* at 3-4)

2         On March 23, 2022,[1] the Government submitted a supplemental report by SA

3    Elton averring that the coded language to which SA Elton will testify is "commonly used

4    coded language that SA Elton has regularly encountered during" drug trafficking and

5    money laundering investigations that he has been involved with as a case agent during his

6    time working for Homeland Security Investigations.  (Doc. 65-1 at 3.)

7         Defendant submitted a Response to the Government's supplemental report,

8    arguing that the issue of whether SA Elton may testify regarding coded language has

9    become moot because the Court ruled that evidence obtained from Defendant's phone in

10   2019 is inadmissible.  (Doc. 68.)

11        On March 7, 2022, the Court granted Defendant's Motion to Preclude Other Acts

12   Evidence, finding that evidence obtained from a 2019 search of Defendant's phone is

13   inadmissible in the Government's case-in-chief but may be admissible in rebuttal or for

14   purposes of impeachment.  (Doc. 64.)  Because SA Elton's coded-language testimony

15   appears to relate only to evidence obtained from the 2019 search of Defendant's phone,

16   the Court agrees with Defendant that SA Elton's coded-language testimony is

17   inadmissible in the Government's case-in-chief based on the reasoning of the Court's

18   March 7, 2022 Order; however, the testimony may be admissible in rebuttal, and the

19   Court finds that SA Elton's supplemental report satisfies the requirements of *Hermanek*.

20        Accordingly,

21   . . . .

22   . . . .

23   . . . .

24   . . . .

25   . . . .

26   _____
     [1] The Court required the Government to submit the supplemental information within
27   fourteen days.  (Doc. 62 at 4.)  The Government has not explained its failure to file the
     supplemental information within the deadline set by the Court.  The Government's
28   untimeliness will be excused in this instance, but the Government is warned that future
     failures to comply with filing deadlines may result in the summary granting or denial of
     motions.

1       **IT IS ORDERED** that Defendant's Motion to Preclude Government's Expert
2    Witness (Doc. 42) is **denied** to the extent it seeks to preclude SA Elton from testifying
3    regarding coded-language in rebuttal; however, the Court finds that the coded-language
4    testimony is inadmissible in the Government's case-in-chief based on the reasoning of the
5    Court's March 7, 2022 Order granting Defendant's Motion to Preclude Other Acts
6    Evidence.

7       Dated this 1st day of April, 2022.

 

 

                                       Honorable Rosemary Márquez
                                       United States District Judge